UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | Docket No. 3:01CR256 (PCD) |
| JOSEPH DEROSA | : | March 23, 2006 |

GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION
FOR MODIFICATION OF RESTITUTION ORDERS

The Government hereby files its objection to Defendant Joseph DeRosa's motion for modification of restitution orders. Based upon the following reasons, the Defendant's motion for modification should be denied as a matter of law.

*Background*

Defendant Joseph DeRosa pled guilty to one count of mail fraud, and was sentenced by this Court on January 10, 2002. As part of the judgment, Defendant DeRosa was ordered to pay restitution in the amount of $246,956.00, jointly and severally. Defendant DeRosa was further ordered to pay $7,500.00 immediately, and commence monthly payments of $250.00.

Subsequently, on September 2, 2004, the restitution order was amended, along with the restitution orders of several related defendants. In relevant part, the amended restitution order decreased Defendant DeRosa's restitution debt from $246,956.00 to $107,035.00.

Since sentence was imposed in 2002, Defendant DeRosa has made payments totaling $18,500.00[1]. Additionally, payments made by other defendants who are jointly and severally

---

[1] Defendant DeRosa states in Paragraph 6 of his motion that he has paid a total of $19,750.00. The attached ledgers obtained from the Clerk's Office show however, that Defendant DeRosa has only paid a total of $18,500.00 toward his restitution debt. Part of the discrepancy may be attributed to the $100.00 special assessment that DeRosa paid on February

liable with Defendant DeRosa, and thus credited to Defendant DeRosa's debt total $28,362.00. Therefore, as of March 23, 2006, Defendant DeRosa's remaining restitution debt totals $60,173.00.

*Argument*

Defendant DeRosa, through his motion to modify the restitution orders, requests "ending the order for restitution". The Government interprets Defendant DeRosa's request as a request that his remaining restitution debt of $60,173.00 be somehow waived, or otherwise forgiven by the Court. The Government objects to this request.

*1.     There is no authority to waive the restitution debt.*

Defendant DeRosa provides no authority to support his request for waiver of the restitution debt. Pursuant to 18 U.S.C. § 3664(o), "[a] sentence that imposes an order of restitution is a final judgment", notwithstanding certain specified exceptions that are not applicable here. As a final judgment, Defendant DeRosa's restitution obligation should not be disturbed.

Furthermore, Defendant DeRosa's request for waiver is at odds with Congress' express intent to ensure that victims are compensated for the full amount of their loss. Thus, 18 U.S.C. § 3664(f)(1)(A) requires that in every order of restitution "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."

In support of his motion, Defendant DeRosa asserts at Paragraphs 4 through 6 of his motion that he has not received credit for any restitution payments made by his co-defendants

---

21, 2002. DeRosa was given credit for the special assessment payment and the corresponding account record has been closed. Of course, his special assessment payment would not have been credited to his restitution account.

and co-conspirators. This is simply not true. The Government has already credited Defendant DeRosa's account with not only the $18,500.00 that he has personally paid, but also an additional $28,362.00 paid by his co-defendants and co-conspirators. Defendant DeRosa's restitution debt, as of March 23, 2006, has thus been reduced by a total of $46,862.00.

Moreover, Defendant DeRosa's remaining restitution debt will continue to be decreased by payments made by both Defendant DeRosa himself; along with any payments made by his co-defendants and co-conspirators. Conversely, if Defendant DeRosa's motion were to be granted, it would adversely affect both his victims and his co-defendants. Defendant DeRosa's victims would have one less defendant paying toward their losses. Similarly, Defendant DeRosa's co-defendants would have one less co-defendant contributing, jointly and severally, toward satisfaction of the restitution debt.

In Paragraph 8 of his motion, Defendant DeRosa alleges that he "has paid more than his proportional share of the restitution due to the victims." Defendant DeRosa's proportional share, as well as the proportional shares of the other co-defendants and co-conspirators, were all determined when the amended restitution order entered in September, 2004. In fact, DeRosa's share was one of the *least* amounts imposed through the amended restitution order. For example, co-defendants Robbins' and Miller's shares were each in excess of $1 million. Co-defendants Venditti, Toro and Mahoney were ordered to pay in excess of $800,000.00, $700,000.00 and $500,000.00, respectively. And even co-defendants Meyer, Kershner and Bauchiero drew larger portions, in excess of $200,000.00, $170,000.00 and $160,000.00, respectively. Of these eight co-defendants, two have already paid tens of thousands more than Defendant DeRosa has paid. Furthermore, the Clerk's Office's records reflect that Defendant DeRosa has paid *nothing* since October, 2005. Contrary to Defendant DeRosa's claim, his co-defendants were assigned a

proportional share of the loss, and are expected to *pay* their proportional fair share. As payments are made by any of the joint and several co-defendants (including DeRosa), their proportional share of the debt is correspondingly decreased.

Thus, the Government respectfully maintains that Defendant DeRosa should continue to pay his fair share of the loss to his victims; and that there is no authority to relieve him of restitution obligations.

2.      *The Government's lien should not be released.*[2]

Defendant DeRosa also requests that the Government's lien, which secures his restitution debt, be released. When sentence was imposed upon Defendant DeRosa on January 10, 2002, a lien in favor of the Government was created by operation of law, pursuant to 18 U.S.C. § 3613(c). The lien is perfected upon the Government's filing of a Notice of Lien, as required by 18 U.S.C. § 3613(d). In this case, the Government filed two Notices of Lien with the Town Clerk in Milford, Connecticut. The first notice was recorded on February 15, 2002[3]. The significance of this 2002 recording date is that the Government's lien on *all* of DeRosa's Milford property(ies) enjoys priority over any other encumbrance filed by other creditors after February, 2002. The lien procedures that the Government followed in this case are the same routine lien

---

[2] In the event that Defendant DeRosa's restitution debt is satisfied, or his liability to pay terminates pursuant to 18 U.S.C. § 3613(b), the Government would immediately issue a release of its lien.

[3] Since the Government's lien is treated as a tax lien, it attaches to any real property that Defendant DeRosa either owned at the time the notice was filed, or any real property he acquires in the future in the town in which the notice was filed, i.e. Milford, Connecticut. The Government filed two notices of lien on the Milford land records. The Government's second notice of lien, filed in February, 2004, was filed in an abundance of caution when the Government became aware of a second Milford location in which Defendant DeRosa may have had an ownership interest. If contested, the Government would argue that its first notice of lien, filed in 2002, established priority on all after acquired property located in Milford.

procedures followed in the cases of Defendant DeRosa's co-defendants and co-conspirators, as well as virtually every other criminal case in this District in which a defendant is ordered to pay a fine or restitution.

It appears that Defendant DeRosa's bone of contention with respect to the Government's Notice of Lien is that it references the original amount of the judgment imposed in 2002. Paragraph 10 of Defendant DeRosa's motion states that "[t]he lien on his property grossly overstates the amount actually due from the defendant." Defendant DeRosa's request that the Government's lien be released because it recites the original amount of the debt is contrary to every basic principal of real estate law, as it pertains to civil judgment liens. Just as a bank does not release its mortgage every time a borrower makes his monthly mortgage payment, so too the Government, as a creditor, should not be required to disturb its liens every time a defendant-debtor makes a monthly payment. Even if the Government's lien were released and immediately re-recorded (reciting the current balance of restitution, as opposed to the original judgment amount), the Government would lose its four year priority over every one of DeRosa's other creditors who have recorded an encumbrance since February, 2002.

Defendant DeRosa's blanket request that the Government's lawful and statutory lien be released, leaving the victims completely unsecured, is contrary to law and should be flatly rejected. Nevertheless, the Government is willing to provide to Defendant DeRosa, upon request, a written pay-off statement of his remaining restitution debt. Defendant DeRosa could then produce the written pay-off statement as proof of his current debt.

For all of the foregoing reasons, and in the interest of justice, the Government respectfully requests that Defendant DeRosa's Motion for Modification of Restitution Orders be denied.

Respectfully submitted,

Kevin J. O'Connor
United States Attorney


Christine Sciarrino
Assistant United States Attorney
P.O. Box 1824
New Haven, Connecticut 06510
(203) 821-3780/Fax: (203) 773-5392
Federal No. CT3393
Email: Christine.Sciarrino@usdoj.gov

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 23rd day of March, 2006 to:

Vito Castignoli, Esq.
185 Broad Street
Milford, CT   06460

                                                                                                                                                             _____
                                                                                                                                                             Christine Sciarrino